IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PHILADELPHIA ENTERTAINMENT AND | : | |
| DEVELOPMENT PARTNERS, L.P. | : | |
| | : | |
| | : | |
| Debtor. | : | Case No. 14-12482 (MDC) |

**STIPULATION BETWEEN UNITED STATES TRUSTEE, DLA PIPER LLP (US) AND THE DEBTOR SETTLING UNITED STATES TRUSTEE'S AMENDED OBJECTION TO APPLICATION OF DEBTOR TO EMPLOY DLA PIPER LLP (US) AS BANKRUPTCY COUNSEL PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

WHEREAS the Debtor filed a petition for relief under Chapter 11 on March 31, 2014 (the "Bankruptcy Case");

WHEREAS the United States Trustee is responsible for the supervision and administration of all cases filed under Chapter 11 of the Bankruptcy Code, and has the authority and standing to monitor applications filed under 11 U.S.C. § 327 of title 11 and, whenever the United States Trustee deems it appropriate, file with the Court comments with respect to the approval of such applications. 11 U.S.C. §§ 307, 327; 28 U.S.C. § 586;

WHEREAS the Debtor filed an Application seeking approval of the employment of DLA Piper LLP (US) ("DLA Piper") to act as Bankruptcy Counsel pursuant to 11 U.S.C. § 327(a) on April 7, 2014, ("Application") and attached as Exhibits the Engagement Letter ("Engagement") between DLA Piper and the Debtor and the Declaration of Thomas Califano, a partner and Co-Vice Chair, Restructuring Practice Group ("Declarations");

WHEREAS the United States Trustee ("UST") filed an Objection to the Application on May 9, 2014;

1

WHEREAS the UST filed an Amended Objection ("Amended Objection") on June 12, 2014;

WHEREAS the UST alleged in her Amended Objection that:

1. DLA Piper made material, inaccurate and misleading representations in the Application and in the Declarations and Exhibits filed in support of the Application;

2. DLA Piper received payment of fees from the Debtor within 90 days before the bankruptcy filing that may have constituted a substantial avoidable preference and that DLA Piper's receipt of such payments constitute either a conflict of interest or material interest adverse to creditors and the estate;

3. DLA Piper failed to disclose that the firm received fees of $7,400 in connection with the sale of the Debtor's real estate on March 27, 2014;

4. DLA Piper failed to identify the persons and entities who funded the retainer to DLA Piper;

5. DLA Piper failed to adequately disclose whether DLA Piper had any connections with the persons and entities who funded the retainer to DLA Piper;

6. DLA failed to accurately disclose the amount it paid itself from the funded retainer; and

7. DLA placed client funds in its operating accounts rather than the client trust account for the Debtor;

WHEREAS DLA Piper disputes each and every one of the UST's allegations set forth in the Amended Objection and DLA Piper believes that it has not made material, inaccurate or misleading representations and has provided the UST with documentary and testimonial

2

evidence that DLA Piper contends refutes each and every one of the UST's allegations and, therefore, DLA Piper believes it is disinterested and qualified and competent to represent the Debtor in this Chapter 11 case;

WHEREAS the UST, the Debtor, and DLA Piper have agreed to the terms of this Stipulation which both parties agree to be in the best interest of the Debtor's bankruptcy estate;

WHEREAS the UST, Debtor and DLA Piper hereby submit for this Court's approval this Stipulation settling the Amended Objection;

NOW THEREFORE, in consideration of the recitals and terms and conditions set forth herein, the UST, the Debtor and DLA Piper intending to be legally bound hereby, subject to the approval of the Court, agree to the following:

1. DLA Piper shall repay to the Debtor the sum of $100,000, which will result in a reduction of DLA Piper's pre-petition fees and costs to the Debtor by the $100,000. Upon approval of this Stipulation by the Court, the funds shall be wired to the Debtor's debtor in possession account at Wells Fargo Bank.

2. DLA Piper will not seek allowance or payment of the reduction in the pre-petition claim for the $100,000 in legal fees and costs in the Bankruptcy Case.

3. Contemporaneously with the filing of this Stipulation, DLA Piper shall file revised and Amended Declarations in accordance with the Bankruptcy Code and Bankruptcy Rules that fully disclose all facts regarding funds received and disbursed by DLA Piper regarding or relating to its representation of the Debtor,which revised Amended Declartions have been reviewed by the UST and found by her to be satisfactory.

4. In addition to the $100,000 repayment referenced above, DLA Piper has refunded

3

       to the Debtor $36,939.66 of funds drawn from the retainer over the amount of its final reconciled pre-petition fees and such funds have been placed in the DIP account.

5. DLA Piper will be entitled to file for compensation for its representation of the Debtor in the Bankruptcy Case in accordance with the the requirements of the Bankruptcy Code and Bankruptcy Rules; but will not seek allowance of fees or costs it incurred in the defense of the Application including the fees and costs for the representation of the Debtor's representative, Brian Ford, at depositions conducted on May 20 and 21, 2014. The UST reserves the right to challenge any application for compensation filed by DLA Piper for post-petition services.

6. The UST will not contest the amount of DLA Piper's pre-petition fees (subject to the $100,000 reduction) or its pre-petition receipt of $7,400 from the purchaser of the Debtor's real estate in connection with DLA Piper's representation of an entity that financed the purchaser.

7. The UST will not oppose the entry of the attached proposed Order approving the Application of the Debtor to Approve the Employment of DLA Piper as Counsel pursant to Section 327 of the Bankruptcy Code.

8. If the Court requires an evidentiary hearing in regard to the Application, the Amended Objections and/or the Stipulation, all parties reserve their rights to represent their respective interests and positions before the Court. By entering into this Stipulation, DLA Piper has not admitted to the UST's allegations in the Amended Objection.

9. Upon the approval of this Stipulation by the Court, the Amended Objection shall be deemed settled.

[Rest of Page Intentionally Left Blank]

WHEREFORE the United States Trustee, the Debtor and DLA Piper respectfully request that the Stipulation settling the Amended Objections be approved.

Roberta A. DeAngelis,
United States Trustee, Region 3

By: _____ 7/21/14
Kevin P. Callahan
Counsel for United States Trustee

DLA Piper LLP (US)

By: _____
Kenneth E. Aaron
Counsel for DLA Piper LLP (US)

PHILADELPHIA ENTERTAINMENT AND
DEVELOPMENT PARTNERS, L.P.,
the Debtor

By: _____
Brian Ford

Approved and Ordered,

Date: 7/21/14

_____
Honorable Magdeline D. Coleman
United States Bankruptcy Judge

5